United States District Court
Southern District of Texas
**ENTERED**
May 25, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| ISAIAS L PALACIOS, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 3:16-CV-0202 |
| § | |
| MICHAEL BUTCHER, *et al*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Isaias L. Palacios (TDCJ #1709341) has filed a civil rights complaint under 42 U.S.C. § 1983, concerning an incident that occurred while he was incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ"). He has also filed a memorandum in support of his complaint (Dkt. 2). Palacios is *pro se* and he proceeds *in forma pauperis* (Dkt. 10). The Court is required to scrutinize every complaint filed by a plaintiff proceeding *in forma pauperis* and dismiss the case, in whole or in part, if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). After reviewing all of the pleadings and the applicable law, the Court concludes that this case must be **DISMISSED** for the reasons that follow.

**I.    BACKGROUND**

Palacios is currently confined by TDCJ at the Dalhart Unit (Dkt. 11 at p. 1). The incident that forms the basis of his complaint, however, occurred at the Terrell Unit in

Rosharon, where Palacios was previously assigned (Dkt. 1 at p. 3). Palacios sues the following defendants who were employed by TDCJ at the Terrell Unit when the incident occurred: Warden Michael Butcher, Assistant Warden Robert G. Beard, Lieutenant Christopher Robertson, and Officer Marie Brache (*Id*.). Palacios also sues C. Martinez, who is identified as a grievance coordinator employed by TDCJ at a regional office (*Id*.).

Palacios explains that on January 12, 2016, he received permission for a "special visit" from family members who traveled from Midland, Texas, to see him for two separate days (Dkt. 2 at p. 2). This "split visit" was to occur on February 6 and 7, 2016 (Id.). Palacios's family flew into Houston's Hobby Airport on February 5, 2016, and stayed at a local hotel (*Id*.). They visited with Palacios at the Terrell Unit in nearby Rosharon on February 6, as previously approved by Warden Butcher and Assistant Warden Beard (*Id*.). The following day, however, Palacios was told by Officer Brache and Lieutenant Robertson that the second visit scheduled for February 7 was "not approved" (*Id*.). As a result, he did not see his family as planned on that date (*Id*.).

Palacios contends that no valid reason was given for denying the second visit that was scheduled for February 7, 2016 (*Id*. at p. 3). Arguing that he had received permission for the two-day visit in advance, Palacios maintains that he was denied a second visit on February 7 in violation of prison policy as well as the Eighth and Ninth Amendments to the United States Constitution (Dkt. 1 at p. 4; Dkt. 2 at p. 1). Palacios filed grievances about the incident, but he claims that Martinez denied relief and condoned the violation of his rights without conducting an adequate investigation (Dkt. 1 at pp. 3, 4; Dkt. 2-1 at pp. 1-4). Palacios now seeks compensatory and punitive damages

under 42 U.S.C. §1983 for the mental pain and suffering that he experienced as the result of being denied a second visit with his family on February 7, 2016 (Dkt. 2 at p. 6).[1]

## II. STANDARD OF REVIEW

In reviewing the pleadings, the Court is mindful of the fact that the plaintiff in this case proceeds *pro se*. Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Even under this lenient standard, however, a *pro se* plaintiff must allege more than "labels and conclusions' or a 'formulaic recitation of the elements of a cause of action[.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).

## III. DISCUSSION

As an initial matter, the Prison Litigation Reform Act ("PLRA"), codified as amended at 42 U.S.C. § 1997e(e), precludes an action for compensatory damages "for

---

[1] The Court notes that, in his supporting memorandum, Palacios attempts to recover damages on behalf of his family members (Velia Lujan Dominguez, Adriana Palacios Dominguez, Eliacer Lujan Dominguez, Luke Q. Palacios, and Chantal Palacios Dominguez) by listing them as parties to the case (Dkt. 2 at pp. 1, 5). In federal court a party can represent himself or be represented by an attorney, but cannot be represented by a non-lawyer. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) (citing *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308-09 (2d Cir. 1991) (reviewing authorities)). The Court does not address any claims brought by Palacios on behalf of his family members because they were not properly joined as parties and are not represented in this case.

mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." Because Palacios did not suffer any physical injury in this case, his claim for compensatory damages is barred by the PLRA.

Palacios does not otherwise state a valid claim for relief. To the extent that Palacios contends that officials violated prison rules by denying him a previously approved second visit with his family on February 7, 2016, this allegation, standing alone, is not sufficient to demonstrate a constitutional violation. *See Jackson v Cain*, 864 F.2d 1235, 1251-52 (5th Cir. 1989) (noting that a state's failure to follow its own rules or regulations, alone, does not establish a constitutional violation); *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986) (per curiam) (rejecting an inmate's claim that TDCJ's mere failure to follow an administrative rule violated his constitutional rights). Palacios does not demonstrate that a constitutional violation occurred in connection with his visitation privileges.

In support of his claim that he was denied visitation privileges in violation of his rights, Palacios relies primarily on the Eighth Amendment, which prohibits "cruel and unusual punishment" and is reserved only for claims involving the "unnecessary and wanton infliction of pain[.]" *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). It applies principally when prison officials have deliberately ignored an objectively serious risk to an inmate's health or safety. *See, e.g, Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Helling v. McKinney*, 509 U.S. 25, 32 (1993). The denial of visitation privileges does not violate the Eighth Amendment because it does not rise to the level of cruel and unusual

punishment. *See, e.g., McCray v. Sullivan*, 509 F.2d 1332, 1334 (5th Cir. 1975) ("[V]isitation privileges are a matter subject to the discretion of prison officials and are not a constitutional right."); *Zamora v. Thaler*, 407 F. App'x 802, 2011 WL 72180, *1 (5th Cir. 2011) (unpublished) (restrictions on visitation are not the sort of extreme deprivation that rise to the level of cruel and unusual punishment). Convicted prisoners do not otherwise have a constitutional right to visitation privileges. *See Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999). Accordingly, restrictions placed upon or loss of an inmate's visitation privileges "provide no basis for a claim of the denial of constitutional rights." *Palmisano v. Bureau of Prisons*, 258 F. App'x 646, 648 (5th Cir. Dec. 11, 2007) (citations omitted).

Palacios also invokes the Ninth Amendment, which provides that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. amend. IX. Palacios cannot state a claim for relief under the Ninth Amendment because it "does not confer substantive rights upon which civil rights claims may be based." *Johnson v. Texas Bd. of Criminal Justice*, 281 F. App'x 319, 320, 2008 WL 2337324, *1 (5th Cir. 2008) (unpublished) (citing *Froehlich v. Wisconsin Dep't of Corr.*, 196 F.3d 800, 801 (7th Cir. 1999)).

Finally, although Palacios contends that Martinez violated his rights by failing to conduct an adequate investigation of his grievances, this allegation also fails to state a claim because it is well established that a prison inmate has no constitutionally protected interest "in having grievances resolved to his satisfaction." *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Therefore, Palacios does not state a valid claim for relief

against Martinez or any other defendant in this case. Accordingly, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

## IV. <u>CONCLUSION</u>

Based on the foregoing, the Court **ORDERS** as follows:

1. The civil rights complaint filed by the plaintiff, Isaias L. Palacios (Dkt. 1), is **DISMISSED** with prejudice for failure to state a claim.

2. The dismissal will count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

The Clerk is directed to provide a copy of this order to the plaintiff. The Clerk will also provide a copy of this order to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, fax: 512- 936-2159; and (2) the Manager of the Three Strikes List at: Three_Strikes@txs.uscourts.gov.

SIGNED at Galveston, Texas, this 25th day of May, 2018.

_____
George C. Hanks Jr.
United States District Judge